IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LAWRENCE GRAVES, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-10-0815 |
| | § | |
| RICK THALER, | § | |
| | § | |
| Respondent. | § | |

**ORDER OF DISMISSAL**

Lawrence Graves, a state inmate proceeding *pro se*, files this habeas petition challenging his disciplinary conviction. After reviewing the pleadings under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court concludes that this case must be dismissed, as follows.

*Background and Claims*

Petitioner reports that he was found guilty of a disciplinary infraction for threatening a correctional officer at the Goree Unit on September 16, 2009. He was punished with solitary confinement, line class reduction, commissary and recreation restrictions, and loss of 365 days good time credit. His administrative appeals were denied. Petitioner challenges the disciplinary conviction on due process and sufficiency grounds.

*Analysis*

According to well settled precedent, sanctions that merely change the conditions of an inmate's confinement do not implicate due process concerns. *Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997). Limitations imposed upon commissary or recreational privileges, cell restriction, and temporary solitary confinement are the type of sanctions that do not pose an atypical or significant hardship beyond the ordinary incidents of prison life. *Id.* The Fifth Circuit has also determined that reductions in a prisoner's classification status and the potential impact on good time credit earning ability, whether for purposes of parole or mandatory supervised release, are not protected by the due process clause. *Malchi v. Thaler*, 211 F.3d 953, 958 (5th Cir. 2000).

In order to challenge a prison disciplinary conviction by way of a federal habeas petition, a petitioner must have received a punishment sanction which included forfeiture of previously accrued good time credits *and* be eligible for mandatory supervised release. *Id*. In the instant case, petitioner was punished with loss of good time credit, but he declined to answer that portion of his habeas petition form requesting disclosure of his eligibility for mandatory supervised release.

Nevertheless, petitioner does disclose, and state court records confirm, that he was given a life sentence in his underlying state conviction. A Texas state inmate serving a life sentence is not eligible for mandatory supervision and, therefore, has no constitutionally

protected interest in such release. *Arnold v. Cockrell*, 306 F.3d 277, 279 (5th Cir. 2002). Accordingly, no cognizable federal habeas claim is raised in this petition.

*Conclusion*

Habeas relief is DENIED and this petition is DISMISSED WITH PREJUDICE. Any and all pending motions are DENIED AS MOOT. A certificate of appealability is DENIED.

The Clerk will provide a copy of this order to the parties.

Signed at Houston, Texas, on March 23, 2010.

_____
Gray H. Miller
United States District Judge

3